1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

KAYLYNN (EADIE) THOMAS,       )
                              )         NO.   CV-11-0265-WFN
                Plaintiff,    )
                              )
     -vs-                     )         ORDER GRANTING
                              )         DEFENDANT'S MOTION FOR
CAROLYN W. COLVIN, Commissioner )       SUMMARY JUDGMENT
of Social Security,[1]        )
                              )
                Defendant.    )
_____)

13   Before the Court are cross-Motions for Summary Judgment (ECF Nos. 21 and 26).

14  Attorney William Kirsch represents Plaintiff Thomas; Special Assistant United States

15  Attorney Michael Howard represents Defendant.  After reviewing the administrative record

16  and the briefs filed by the parties, the Court **denies** Plaintiff's Motion for Summary Judgment,

17  and **grants** Defendant's Motion for Summary Judgment.

18                          **BACKGROUND**

19   Plaintiff filed a claim on December 6, 2006, alleging an onset of disability as of June 1,

20  2001.  The claim was initially denied on February 20, 2007, and upon reconsideration on

21  April 12, 2007.  Plaintiff was granted a hearing on June 17, 2009, before Administrative Law

22

23   [1]   Carolyn W. Colvin became the Acting Commissioner of Social Security on

24  February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn

25  W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action

26  need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 1

Judge (ALJ) Chester.  Plaintiff and ME Psychologist Moore testified at this hearing.  The ALJ ordered a psychological consultive examination (ECF No. 10-2 at 1139).  An additional hearing was then held September 22, 2009.  ME Psychologist Moore and the Plaintiff testified again.  A partially favorable decision was issued on September 25, 2009, finding Plaintiff eligible for SSI from December, 2006, through March of 2009.  The ALJ concluded that on April 1, 2009, Plaintiff's physical and mental health impairments improved medically to the degree that she was no longer disabled.  This appeal followed.  This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

### STANDARD OF REVIEW

In *Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

*Id.*

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400.  If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).  Nevertheless, a decision

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 2

supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.,* 359 F,3d 1190, 1193-94 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

If a person is found to be disabled, a seven-step sequential process is used to determine whether the disability continues through the date of the ALJ's decision: (1) Is there an impairment or combination of impairments that meets or equals the severity of a listed impairment? (2) If there is no such impairment, has there been medical improvement? (3) If there has been medical improvement, is it related to ability to do work, i.e., has there been an increase in the residual functional capacity based on the impairment that was present

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 3

at the time of the most recent favorable medical determination?  (4) If there has been no medical improvement or the medical improvement is not related to an ability to work, then the ALJ must examine the exceptions found in paragraphs (b)(3) and (b)(4) of § 416.994. If one of the exceptions under (b)(3) applies, the analysis continues to the next step.  If one of the exceptions under (b)(4) applies, the person's disability ends.  If none apply, then disability continues.  (5) If medical improvement is related to ability to do work or if one of the exceptions in paragraph (b)(3) applies, then the ALJ must determine whether all current impairments in combination are severe.  (6) If severe impairments are found, then a determination will be made whether the claimant can perform past relevant work. (7) If unable to perform past relevant work, then a determination will be made whether, given the residual functional capacity assessment and considering age, education and past work experience, other work can be performed.

## STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here.  Plaintiff was 51 years old at the time of her hearings before the ALJ.  She graduated from college with bachelor degrees in biology, exercising science and biochemistry.

## ADMINISTRATIVE DECISION

At step one, the ALJ determined that Plaintiff performed some part time work from December 1, 2006, to March 31, 2009, but the work did not constitute substantial gainful employment.  At step two, the ALJ concluded that Plaintiff had the following severe impairments:  degenerative disk disease, asthma, diabetes, morbid obesity, a mood disorder, and an anxiety-related disorder.  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments described at 20 C.F.R. Part 404, Subpart P, Appendix 1(20 CFR 404.1520(d), 404.1525, 404.1526).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 4

1    At step four, the ALJ found that from December 1, 2006, through March 31, 2009,

2    Plaintiff had the residual functional capacity to perform the full range of sedentary work

3    as defined in 20 CFR416.967(a), except she would have been unable to reliably sustain

4    work for 8 hours a day, 5 days per week, or an equivalent schedule.  The ALJ further

5    found that from the dates listed above, Plaintiff's statements concerning the limiting

6    effects of her symptoms were generally credible.  Additionally, the ALJ concluded that

7    though opinions of the state agency medical and psychological consultant assessments

8    were to the contrary, he was convinced that Plaintiff was more disabled than originally

9    thought.  The ALJ relied upon Plaintiff's DSHS application in 2006 and 2007 which opined

10   that Plaintiff was unable to lift at least 2 pounds or unable to stand and/or walk and

11   that psychologically she had mild limitation in cognitive factors and moderate limitation in

12   social factors.  The ALJ then determined that Plaintiff was unable to perform past relevant

13   work.

14   At step five, the ALJ considered Plaintiff's residual functional capacity, age, education,

15   and work experience in conjunction with the Medical-Vocational Guidelines, 20 CFR 404,

16   Subpart P, Appendix 2.  The ALJ concluded that from December 1, 2006, through March 31,

17   2009, Plaintiff was disabled.

18   The ALJ then considered whether Plaintiff's disability continued through the date of

19   his decision.  In great detail, the ALJ outlined that medical improvement had occurred as of

20   April 1, 2009.  The ALJ also found that as of April 1, 2009, (1) Plaintiff has not had an

21   impairment or combination of impairments that meets or medically equals one of the

22   impairments listed in 20 CFR Part 404, Subpart P, Appendix 1, that (2) Plaintiff has had

23   the residual functional capacity to perform the full range of work as defined in 20 CFR

24   416.967(b), (3) that the medical improvement that occurred is related to the ability to work,

25   and (4) that Plaintiff has been capable of performing past relevant light work as a deli clerk,

26   a hotel clerk, a research assistant, a tutor, a garment sorter and that listed work does not

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 5

1    require the performance of work-related activities precluded by Plaintiff's current residual

2    functional capacity.

### ISSUES FOR REVIEW

4    The Court begins by noting, as the Defendant noted, that Plaintiff's legal arguments

5    do not match the issues framed earlier in her brief.   Additionally, the Court notes that

6    Plaintiff's arguments are often unorganized and scattered throughout the brief, making a

7    review of Plaintiff's claims more difficult. The Court will address Plaintiff's developed

8    arguments.

9    **I.    Alleged Error at Step Three**.

10    Plaintiff contends that the ALJ erred at step three of his analysis.  At step three,

11    the ALJ found that Plaintiff's degenerative disk disease did not meet or equal the criteria of

12    section 1.04 of the listing of impairments from December 1, 2006, through March 31, 2009.

13    Plaintiff contends this finding was in error as "Plaintiff's  spine, 'meets,' and 'equaling' a

14    listing" [sic] (ECF No. 21-1 at 14).  In support of her position, Plaintiff argues that her back

15    condition has been diagnosed as cauda equina syndrome and failed back syndrome.  Plaintiff

16    overstates her position, as the medical report that Plaintiff cites from 2006 states that

17    "symptoms suggest the possibility of cauda equina syndrome . . . .  Other positive CEDC

18    factors include low back pain worse with activity and 'failed back syndrome'" (ECF No. 9-11

19    at 548).  Plaintiff also argues that the ALJ failed to consider whether Plaintiff's combination

20    of impairments met or equaled the criteria of section 1.04 of the listing of impairments from

21    December 1, 2006, through March 31, 2009 (specifically, combining her obesity, back and

22    mental illness).

23    As Defendant states in its response, (1) Plaintiff focuses on back pain before her

24    2008 lower back fusion and that (2) the ALJ found that Plaintiff was disabled during that

25    period. Defendant argues that Plaintiff fails to show harmful error because Plaintiff was

26    ultimately found to be disabled before her back fusion.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT -  6

1    The Court agrees with Defendant. Even assuming the ALJ erred, Plaintiff has

2    failed to show any harmful error as the step three analysis focused on a time period when

3    the Plaintiff was deemed to be disabled.  Accordingly, any failure in the ALJ's step three

4    analysis is inconsequential to the ultimate conclusion that Plaintiff was disabled during this

5    time period.

6    **II.   Medical Improvement**

7         Plaintiff begins by reiterating that when determining whether medical

8    improvement has occurred, the issue is "not whether the claimant has suffered from the same

9    medical problem she had when benefits were awarded, but whether the severity of the

10   problem has decreased sufficiently to enable her to engage in substantial gainful activity."

11   *Ware v. Commissioner of Social Security*, 439, F.3d 1009 (9th Cir. 2006).  Plaintiff contends

12   that the ALJ erred by finding medical improvement.  In support of her position, Plaintiff cites

13   to the September 22, 2009, hearing where Plaintiff stated that she cannot walk for more than

14   two blocks without taking a break due to pain in her back.  Additionally, Plaintiff argues that

15   there has been no psychological medical improvement either, citing to ARNP Fitzpatrick's

16   response to counsel's written questions in September of 2009.  Finally, Plaintiff relies on

17   SSR 82-66 for the position that medical development was required for a retroactive cessation

18   date.[2]

19        Defendant responds by arguing that the evidence supports the ALJ's finding of

20   medical improvement.   First, Defendant notes that both Plaintiff and   Dr. Tohmeh

21   acknowledge that Plaintiff's back surgery was a success.  At the 2009 hearing, Plaintiff stated

22

23        [2]Social Security Rulings are issued to clarify the Regulations and policy.  They are not

24   published in the federal register and do not have the force of law.  However, under the case

25   law, deference is to be given to the Commissioner's interpretation of the Regulations.  *Ukolov*

26   *v. Barnhart*, 420 F.3d 1002 n.2 (9th Cir. 2005).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 7

1   that she did not have any discomfort in her back, though she did have lifting, turning, and
2   walking restrictions (ECF No. 9-2 at 77). Dr. Tohmeh noted in March of 2009, that Plaintiff
3   was doing "very well" following surgery and she should "continue activities as tolerated" and
4   "start therapy." (ECF No. 9-15 at 1068). In August, 2009, Dr. Tohmeh noted that Plaintiff
5   had low back pain and neck pain. However, it was also noted that Plaintiff was depressed
6   and that her depression influences the way she feels pain (ECF No. 9-15 at 1131). The Court
7   concludes that the ALJ did not err when it found "medical improvement" in Plaintiff's back.

8       Defendant also argues that there was substantial evidence to support the ALJ's
9   conclusion that Plaintiff experienced psychological medical improvement. ARNP Gibson's
10  medical progress report of April 23, 2008, noted pain improvement, no mood symptoms, only
11  slight anxiousness, no symptoms of hypomania or suicidal ideation (ECF No. 9-12 at 686).
12  The ALJ further cited to progress notes of June 12, 2008, July 23, 2008 and January of 2009
13  (ECF Nos. 9-12 at 687, 9-12 at 780, 9-12 at 785). Consistently, Plaintiff is described as
14  not manic or only slightly manic, with no thoughts of suicide, and little to no anxiety during
15  the day. The ALJ also referenced Dr. Alexander and Dr. Moore's reports in support of
16  his position. The Court again agrees with Defendant.

17      Finally, Defendant addresses Plaintiff's reliance on SSR 82-66 for the position
18  that medical development was required for a retroactive cessation date. Defendant
19  begins by noting that SSR 82-66 is off point as it addresses clear-cut medical improvement
20  cases. Defendant is correct. The ALJ did not consider this case a clear-cut medical
21  improvement case. Rather, the ALJ reviewed and cited to the developed medical record.
22  There is substantial medical evidence in support of the ALJ's finding of medical
23  improvement.

24  **III.  Ability to Perform Light Work.**

25      Next, Plaintiff argues that the ALJ erred when he found that Plaintiff was capable
26  of performing light work as of April 1, 2009. Plaintiff again focuses on ARNP Fitzpatrick

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 8

1  for her conclusions that Plaintiff could only work 2 hours a day due to her physical
2  limitations.

3         Defendant responds by pointing out that ARNP Fitzpatrick is not an "acceptable
4  medical source" pursuant to 20 C.F.R. § 416.913(a). Defendant further points out that ARNP
5  Fitzpatrick's opinion is contradicted by Dr. Tohmeh's records and Plaintiff's own statements
6  that stress her emotional issues are the source of what prevents her from working full-time
7  ("Q: Are you able to work the job full-time? A: No. Q: How come? A: Because of the stress
8  level") (ECF Nos. 9-2 at 68 and 80).

9         The Court concludes that the ALJ did not err. There is substantial medical
10 evidence to support the position that Plaintiff had the residual functional capacity to peform
11 the full range of light work on April 1, 2009.

12        **IV.  Plaintiff's Credibility.**

13        In a scattershot approach, Plaintiff contends at different points in her Motion that
14 the ALJ erred when he challenged Plaintiff's credibility and that the ALJ failed to make clear
15 and convincing reasons for finding Plaintiff less than credible. In response, Defendant
16 begins by contending that "clear and convincing" is the wrong standard, and that the proper
17 standard is whether the ALJ credibility findings are "supported by the record" and specific,
18 thereby allowing a meaningful review.

19        The Court agrees with Plaintiff that where there is objective medical evidence of
20 an underlying impairment which could reasonably be expected to produce the symptoms
21 alleged, and there is no evidence of malingering, then the ALJ must give "specific, clear and
22 convincing reasons" in order to reject the Plaintiff's testimony about the severity of the
23 symptoms. *Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012). However, the Court also
24 concludes that the ALJ used the proper framework and presented specific, clear and
25 convincing reasons in finding Plaintiff's statements concerning the intensity, persistence
26 and limiting effects of her symptoms not credible. Specifically, despite Plaintiff's alleged

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 9

problems being around others, the ALJ noted that Plaintiff had no difficulty with one-on-one interactions at her job, and that she interacts reasonably well with co-workers and employers (ECF No. 9-2 at 72, 85, 1108).  The ALJ also specifically noted Plaintiff's daily living which included her ability to cook, do laundry and perform household chores.  Finally, the ALJ noted an extensive list of reasons that Plaintiff's residual functional capacity allowed her to perform light work as of April 1, 2009.  *Id.*  The Court finds no error with the ALJ's reasoning.

### V.    Consideration of the Medical Expert's Opinions.

Plaintiff contends that the ALJ erred in providing controlling weight to Dr. Moore's opinion.  Specifically, Plaintiff argues that Dr. Alexander, the treating physician, was in a better position to give an accurate medical opinion.  Defendant responds by first contending that the ALJ never stated that he gave Dr. Moore's opinion controlling weight.  Defendant does acknowledge that the ALJ failed to specify the weight he was giving the opinion, but that such a failure is harmless error.  Defendant also concedes that generally examining opinions are often entitled to more weight, but this is not always true.  In the present case, the ALJ gave more weight to Dr. Moore's opinion because Dr. Alexander's opinion (that Plaintiff has moderate to marked limitations in her ability to interact appropriately with the public, coworkers and supervisors, was inconsistent with Plaintiff's self reports of her work activities.  In contrast, Dr. Moore's opinion was consistent with the evidence.  The medical record also shows great improvement in Plaintiff's depression and anxiety after she stopped taking narcotic pain medication, again consistent with Dr. Moore's opinion.  Finally, Defendant argues that even if the ALJ erred in failing to accept Dr. Alexander's additional limitations due to Plaintiff's ability to interact appropriately with others, it is harmless error, as according to the Dictionary of Occupational Titles, there are numerous positions that do not involve significant contact with people (ECF No. 26 at 26).  The Court agrees with Defendant.  The ALJ appropriately considered

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 10

1  all of the medical evidence in his decision to give Dr. Moore's opinion greater weight than

2  Dr. Alexander's.

3  **VI.  Plaintiff's Participation in a Vocational Rehabilitation Program.**

4          Finally, Plaintiff contends that ceasing benefits while Plaintiff was in a state

5  vocational rehabilitation program is contrary to 20 CFR § 416.2201 and is legal error.[3]

6  Plaintiff fails to do more than generally cite the above CFR while also contending that the

7  record does not specifically answer the question of whether Plaintiff's work was within the

8  approved VA plan.  The Court begins by noting that 20 CFR § 416.2201 is not on point with

9  Plaintiff's position.

10          Defendant's response is more illuminating on the issue.  First, Defendant states

11  that Plaintiff cited to the incorrect CFR and that the relevant CFR is 20 CFR § 416.1338.

12  That regulation states, in part, that a person's "benefits may continue even when an

13  impairment is no longer disabling . . . if . . . [the person is] participating in an appropriate

14  program of vocational rehabilitation services . . . and . . . [the] completion of the program,

15  or . . . continuation in the program for a specified period of time, will increase the likelihood

16  that [the person] will not have to return to the disability . . . rolls." § 416.1338(a).  However,

17  Defendant points out that the regulation does not state that an ALJ cannot find a person's

18  disability has ceased if she is participating in a vocational rehabilitation program.  Rather,

19  it prevents the termination of benefits while a non-disabled person is participating in a

20  vocational rehabilitation program.

21          Defendant continues, arguing that the determination of whether Plaintiff is

22  entitled to continued benefits after Plaintiff's disability ceased was not properly before

23  the ALJ or this Court.  Specifically, Defendant cites to POMS DI 14505.10(A) which

24  _____

25          [3]Plaintiff also generally cites to 20 CFR § 416.22101, which the Court assumes is a

26  scrivener's error.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 11

1  articulates the division between Disability Determination Services, which is responsible for

2  determining disability cessation, and the Office of Disability Operations, which is responsible

3  for determining continuing eligibility for benefits.  Defendant contends that the ALJ was

4  responsible for determining whether or not Plaintiff was still disabled, but not whether

5  Plaintiff was entitled to continued benefits.  It is Defendant's contention that Plaintiff is free

6  to raise the issue administratively that she is entitled to continued benefits if she believes she

7  is still entitled to benefits as a non-disabled person.

8          In Plaintiff's reply, she relies upon *Leschniok v. Heckler*, 713 F.2d 520 (9th Cir.

9  1983), for the position that the Secretary may not terminate or suspend benefits upon

10  cessation of a person's disability if the person is participating in an approved vocational

11  rehabilitation program and the Commissioner of Social Security determines that the

12  completion of such program will increase the likelihood that the person may be permanently

13  removed from the disability benefit rolls.  *Id.* at 521.  The Court notes that this language

14  mirrors 20 CFR §416.1338.

15          (a) *When may your benefits based on disability or blindness be continued?* Your
           benefits based on disability or blindness may be continued after your
16          impairment is no longer disabling, you are no longer blind as determined under
           § 416.986(a)(1), (a)(2) or (b), or your disability has ended as determined under
17          § 416.987(b) and (e)(1) in an age-18 redetermination, if-

18          (1) You are participating in an appropriate program of vocational rehabilitation
           services, employment services, or other support services, as described in
19          paragraphs (c) and (d) of this section;

20          (2) You began participating in the program before the date your disability or
           blindness ended; and
21
           (3) We have determined under paragraph (e) of this section that your
22          completion of the program, or your continuation in the program for a specified
           period of time, will increase the likelihood that you will not have to return to the
23          disability or blindness benefit rolls.

24          (c) What is an appropriate program of vocational rehabilitation services,
           employment services, or other support services? An appropriate program of
25          vocational rehabilitation services, employment services, or other support
           services means-
26

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 12

(2) A program that is carried out under an individualized plan for employment with-

(i) A State vocational rehabilitation agency (i.e., a State agency administering or supervising the administration of a State plan approved under title I of the Rehabilitation Act of 1973, as amended (29 U.S.C. 720-751)) under 34 CFR part 361.

In Social Security cases, the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" *Smolen v. Chater*, 80 F.3d at 1288 (citation omitted). This duty exists regardless of whether the claimant is represented by counsel. *Celaya v. Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003). The duty to develop the record is triggered when the record is inadequate. *Mayes v. Massanari*, 276 F.3d 453, 459-460 (9th Cir. 2001).

Nevertheless, the Court agrees again with Defendant's conclusion. The determination of whether Plaintiff is entitled to continued benefits after Plaintiff's disability ceased was not properly before the ALJ and is not before this Court. The ALJ was tasked with concluding whether or not Plaintiff was disabled. Plaintiff cites to no authority, nor is the Court aware of any authority, prohibiting the ALJ from concluding that Plaintiff is not disabled because she is participating in a vocational rehabilitation program. The Court also notes that Plaintiff has not shown, nor has she even alleged that she is entitled to continuing benefits through her vocational rehabilitation program. 20 CFR §416.1338(c)(2) & (3) require that the vocational rehabilitation be "appropriate." For Plaintiff's work to qualify, the state vocational rehabilitation agency's program must be "carried out under an individualized plan for employment." *Id.*

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence, is not based on legal error, and any potential errors are harmless. Accordingly,

**IT IS ORDERED** that:

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 13

1    1.  Plaintiff's Motion for Summary Judgment, filed July 20, 2012, **ECF No. 21**, is

2  **DENIED**.

3    2.  Defendant's Motion for Summary Judgment, filed September 12, 2012, **ECF

4  No. 25**, is **GRANTED.**

5    The District Court Executive is directed to file this Order and provide copies to

6  counsel.  Judgment shall be entered for Defendant and the file shall be **CLOSED.**

7    **DATED** this 9th day of May, 2013.

8

9                                          s/ Wm. Fremming Nielsen
                                          _____
10  05-01-13                              WM. FREMMING NIELSEN
                                          SENIOR UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT -  14